UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., ) ) ) Plaintiffs, ) ) v. ) NO. 2:19CV88-PPS/JPK ) HIGHLAND CONVENIENCE and JOHN DOE, ) ) ) ) Defendants. ) | |

## OPINION AND ORDER

Now before me is the motion of plaintiffs RooR International BV and Sream, Inc. for default judgment against defendant Highland Convenience. [DE 24.] The claims against defendant John Doe have been dismissed without prejudice for lack of timely service. [DE 8.] Default was entered against defendant Highland Convenience on December 26, 2019. [DE 21.]

My order of December 12 required that a motion for default judgment "provide a legal analysis addressing why and how the well-pled facts deemed admitted by the default are sufficient to support relief on one or more of the legal theories pled in the complaint, specifically identifying the count or counts on which default judgment is sought." [DE 19 at 2.] Plaintiffs have filed a motion for default judgment with those requirements in mind, and have offered an analysis sufficiently detailed to support the request for judgment in plaintiffs' favor "on all claims," as sought in the proposed order and judgment. [DE 24-4 at 2.] Plaintiffs' analysis is adequate to support default

judgment on Count One of the complaint, for trademark infringement in violation of 15 U.S.C. §1114 and the use of "counterfeit" marks as defined in §1116(d)(1)(B), on Count Two, also for trademark counterfeiting under §1116(d), and on Count Three for false designation of origin under §1125(a).  The motion sets forth the standards of each claim and addresses how the facts established by the default support liability.  [DE 24 at 5-8.]

The December 12 order also required a motion for default judgment to "separately address the relief requested, and demonstrate [plaintiffs'] entitlement to the particular amount of damages and any other relief proposed." [DE 19 at 2.]  The pending motion's treatment of plaintiffs' request for statutory damages and the costs of suit is sufficient, but the motion fails to address the authority for and appropriateness of the proposed injunctive relief.  Nonetheless, the proposed injunction against future infringement of the subject RooR marks is relatively straightforward and will be granted.

ACCORDINGLY:

The motion for default judgment against defendant Highland Convenience [DE 24] is GRANTED as indicated in the default judgment entered separately this day.

SO ORDERED.

ENTERED:  February 4, 2020.

      /s/ Philip P. Simon
    UNITED STATES DISTRICT JUDGE